**KEN THERRIEN**
**413 NORTH SECOND STREET**
**YAKIMA, WA 98901**
**(509) 457-5991**

<u>Attorney for:</u>
Gerardo Maderos Loreto

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
# ( Honorable Salvador Mendoza Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO MADEROS LORETO,<br><br>Defendant. | NO. CR-16-2047-SMJ<br><br>DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY PURSUANT TO F.R. E. 404(b), 609 AND F. R.C.P. 16<br><br>December 14, 2016 @ 11:00 a.m. |

TO:  Clerk of the Court;

TO   Thomas Hanlon, Assistant United States Attorney.

Comes Now: the defendant Gerardo Maderos Loreto and moves the Court for an order granting the following motions:

Fed. R. Evid. 404 (b) provides that

MOTION AND MEMORANDUM FOR DISCOVERY - 1

**KEN THERRIEN**
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

> "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan..., provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

To admit evidence under Rule 404(b), the government must establish: (1) proof of the prior criminal act sufficient to allow the jury to conclude that the act occurred and that the defendant was the actor; (2) that the prior act was not remote in time relative to the current charge; (3) similarity between the instant charge and the prior act; (4) that the prior act is introduced to prove an element of the current charge. United States v. Jiminez, 967 F.2d 1321, 1326 (9th Cir. 1992). Further, the evidence must not be more prejudicial than probative under Fed. R. Evid. 403. United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir. 1982). These issues should be litigated in advance of trial so as to avoid surprise or delay.

Mr. Cruz-Barajas thus respectfully requests that the government provide counsel not only with <u>potential</u> 404(b) and 609 evidence through the discovery process, but also with notice of the government's intent to use Rule 404 (b) evidence. Counsel also requests that the government provide the nature of that evidence on

MOTION AND MEMORANDUM FOR DISCOVERY - 2

**KEN THERRIEN**
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

which the government intends to rely with sufficient particularity to permit counsel the opportunity to defend against it and to prepare any possible motions in limine.

Requiring the government to disclose its intention to rely on this rule is the entire purpose behind the notice provision of Rule 404(b). The policy behind 404(b) is "to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) Judiciary Committee note; United States v. Perez-Tosta, 36 F.3d 1552, 1561 (11th Cir. 1994). "Since the policy of 404(b)'s notice provision is to protect the defendant by reducing surprise, . . . the possibility of prejudice to the defendant from a lack of opportunity to prepare should weigh heavily in the court's consideration." Id.

In United States v. Singleton, 922 F.Supp. 1522 (D. Kan. 1996), Singleton was charged in a nine count indictment with various charges, including conspiracy to possess, make, or utter counterfeit payroll checks. In response to her request for disclosure of its intention to rely upon Rule 404(b), the government advised "that it might offer prior and subsequent conduct that involves the manufacture and distribution of counterfeit payroll checks or that relates to false statements." Id. at 1533.

The district court agreed that the government's response was "too vague and indefinite to satisfy the minimum requirements of Rule 404(b)." Id. While "the

MOTION AND MEMORANDUM FOR DISCOVERY - 3

**KEN THERRIEN**
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

notice 'need not provide precise details regarding the date, time, and place of the prior acts,' . . . it must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." <u>Id.</u>, <u>quoting</u>, <u>United States v. Long</u>, 814 F.Supp. 72, 74 (D. Kan.1993). The notice was insufficient because it provided no opportunity to resolve the question of admissibility prior to trial. <u>Id.</u>

Fed. R. Evid. 609 permits the impeachment of witnesses with evidence of prior convictions. Those convictions can be either felonies or crimes which involve dishonesty or false statements.

Accordingly, Mr. Gerardo Maderos Loreto requests that the court thus order disclosure of:

(1) Any evidence the government intends to introduce against him at trial pursuant to Fed. R. Evid. 404(b) and 609, including criminal convictions, prior or subsequent criminal conduct, and/or "bad acts" which are not charged in the indictment; and

(2) Whether the government intends to rely upon those rules to support the admission of evidence at trial.

Dated: November 14, 2016.

*/s/ Ken Therrien*
KEN THERRIEN
Attorney for Gerardo Maderos Loreto

MOTION AND MEMORANDUM FOR DISCOVERY - 4

**KEN THERRIEN**
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

413 North Second Street
Yakima, WA 98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the State of Washington that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- Thomas Hanlon, Assistant United States Attorney.

*s/ Ken Therrien*
KEN THERRIEN, WSBA #20291
Attorney for Gerardo Maderos Loreto
413 North Second Street
Yakima, WA 98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com