FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO MADEROS LORETO,<br><br>Defendant. | No.  1:16-cr-02047-SMJ-1<br><br>**ORDER DENYING 28 U.S.C. § 2255 MOTION** |

Before the Court, without oral argument, is Defendant Gerardo Maderos Loreto's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, ECF No. 188. After a jury trial, Defendant was convicted of several narcotics crimes and crimes related to a murder-for-hire scheme. He now alleges that he was denied effective assistance of counsel during the plea negotiation stage. The Government opposes the motion. Having reviewed the relevant record, the Court is fully informed and denies the motion.

## BACKGROUND

On July 12, 2016, a grand jury returned an indictment charging Defendant with one count of using mail in the commission of a murder-for-hire after he arranged for the murder of his ex-girlfriend. ECF No. 6. While in custody pending

ORDER DENYING 28 U.S.C. § 2255 MOTION – 1

trial, Defendant continued to arrange for his ex-girlfriend's murder, resulting in a five-count superseding indictment. ECF No. 52. The superseding indictment charged Defendant with the following additional counts: two counts of using a facility of interstate commerce in the commission of a murder-for-hire (in violation of 18 U.S.C. § 1958); conspiracy to possess with intent to distribute methamphetamine (in violation of 21 U.S.C. §§ 841 and 846) and attempt to possess with intent to distribute methamphetamine (in violation of 21 U.S.C. §§ 841 and 846). ECF No. 52.

After a three-day trial, a jury found Defendant guilty on all counts. ECF No. 103. On August 24, 2017, the Court sentenced Defendant to 360 months' custody. ECF No. 129. The Judgment was affirmed in part, vacated in part, and remanded on appeal. ECF No. 153. Defendant was resentenced to 369 months' custody, which was affirmed on appeal. ECF Nos. 177, 186.

Defendant now moves the Court to vacate his sentence, alleging that he was denied effective assistance of counsel during the plea negotiation stage. ECF No. 188-1. Defendant asks this Court to vacate his sentence and resentence him "as though he had entered an open plea to the single count contained in the original indictment." *Id.* at 3.

//

//

# LEGAL STANDARD

## A. Section 2255

Under 28 U.S.C. § 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## B. Ineffective Assistance of Counsel

A claim for relief based on ineffective assistance of counsel requires two components: (1) that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that counsel's deficient performance was prejudicial to the outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Moreover, showing that counsel engaged in professionally unreasonable conduct does not provide a ground for setting aside the judgment if the conduct had no effect on the judgment. *Id.* at 691. The *Strickland* test applies to claims of ineffective assistance of counsel in the plea bargain context. *Missouri v. Frye*, 556 U.S. 134, 140 (2012).

# DISCUSSION

Defendant argues he was denied effective assistance of counsel during the plea negotiation stage and with respect to the decision to plead guilty or proceed to trial. *See generally* ECF No. 188-1. In support of the instant motion, Defendant submitted a declaration attesting to the following: that the Government offered him a plea deal whereby he would plead guilty to Count One (using mail in the commission of a murder-for-hire) and the Government would recommend a 10-year sentence, that his defense counsel—Kenneth Therrien—advised Defendant to accept the plea offer, and that Defendant chose to reject the plea. ECF No. 189-1 at 2–4. The gravamen of Defendant's complaint is that had he known the sentencing benefits of entering into a plea agreement and known that the Government would seek a superseding indictment, he would have accepted the plea offer. *Id.* at 3–4.

The Government responds that defense counsel's performance was not deficient, and that Defendant has presented no evidence establishing that defense counsel knew that a grand jury would return a superseding indictment. ECF No. 192 at 9. The Court agrees with the Government.

**A.  Defendant has not shown that defense counsel's performance was deficient**

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the

ORDER DENYING 28 U.S.C. § 2255 MOTION – 4

circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or tactical decision. *Id.*

Defendant has not overcome the strong presumption that defense counsel's conduct was not objectively reasonable. Defendant avers that defense counsel did not adequately inform him of the sentencing benefits of entering into a plea agreement. First, the Court notes that Defendant does not identify what benefits defense counsel failed to communicate. And this vague contention is refuted by Defendant's own declaration. Defendant submits that in discussing the plea offer with defense counsel, Defendant "pointed out that 10 years was the statutory maximum for the count charged in the indictment," and told defense counsel: "you're asking me to plead guilty to 10 years when this paper…says that is the maximum I get even if I go to trial and lose. You're crazy. Why would I do that? That's not a deal." ECF No. 189 at 2. By Defendant's own acknowledgment, he understood his sentencing exposure had he accepted the plea offer.

Defendant also submits that defense counsel was "unable to obtain a favorable plea agreement, despite [Defendant's] numerous requests that he do so." *Id.* at 3. As an initial matter, the Court notes that defendants do not have a right to a plea offer. *Frye*, 556 at 148. Yet defense counsel reportedly told Defendant that

ORDER DENYING 28 U.S.C. § 2255 MOTION – 5

the Government was unwilling to "offer [him] a better deal," suggesting that defense counsel did seek to obtain a more favorable offer. *Id.* Defendant's unsupported belief that the Government would have offered him a better deal, without more, does not entitle him to relief.

Defendant also assigns blame to defense counsel for failing to notify him that the Government may seek a superseding indictment based on his criminal conduct while incarcerated. But Defendant offers no evidence that defense counsel knew or should have known that Defendant committed additional crimes creating a risk of additional charges. Indeed, the Court agrees with the Government that Defendant—having engaged in criminal conduct while detained—was in the best position to anticipate new charges—not defense counsel. Without supporting evidence, the Court cannot say that defense counsel's failure to anticipate and communicate the risk of a superseding indictment was objectively unreasonable.

Finally, Defendant represents that the Government "threatened to career criminal [him]" if he didn't accept the plea offer, and argues that defense counsel was deficient for failing to advise Defendant if this was possible. The Government denies it ever made such a threat. ECF No. 192 at 11. Presumably, Defendant is arguing that he would have accepted the plea offer had defense counsel told him he qualified as a career criminal subject to the fifteen-year mandatory minimum. *See* 18 U.S.C. § 924(e)(1). But the Court agrees with the Government that Defendant

ORDER DENYING 28 U.S.C. § 2255 MOTION – 6

did not have the criminal history to qualify as a career criminal under Section 924(e)(1).

Accordingly, Defendant has failed to meet his burden to show that defense counsel's conduct was deficient. Despite efforts by defense counsel to get Defendant to accept the plea offer, the record supports that Defendant made a voluntary and informed decision to go to trial. While hindsight may be 20/20, Defendant simply cannot show that defense counsel's conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

**B.    Certificate of appealability**

Under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having reviewed the file and the motion, the Court determines Defendant has not made a substantial showing of the denial of a constitutional right, and no reasonable jurist would find debatable or wrong the Court's assessment of Defendant's claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, **ECF No. 188**, is

**DENIED**.

2. A certificate of appealability is **DENIED**.

3. The Clerk's Office is **DIRECTED** to **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant and all counsel.

**DATED** this 13th day of January 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge